UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Joshua Barker**, <br><br>    Plaintiff, <br><br>v. <br><br>**K Dolan Conveyor Company, LLC**, a Pennsylvania Limited Liability Company, **K Dolan Corporation**, a Pennsylvania Corporation, and **Keith Dolan**, <br><br>    Defendant. | No. 21-1018 <br><br>**COMPLAINT** |

Plaintiff, Joshua Barker ("Plaintiff"), sues the Defendants, K Dolan Conveyor Company, LLC, K Dolan Corporation, and Keith Dolan (collectively, "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; 43 Pennsylvania Statutes ("P.S.") § 333.101, et seq; and 43 P.S. § 260.1, et seq.  for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3. 43 P.S. § 333.104 establishes the law regarding minimum wage within the State of Pennsylvania.

-1-

4. 43 P.S. § 260.1 establishes the law regarding the payment of wages within the State of Pennsylvania.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Western District of Pennsylvania, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Westmoreland County, Pennsylvania, and is a former employee of Defendants.

8. At all material times, Defendant K Dolan Conveyor Company, LLC is a limited liability company licensed to transact business in the State of Pennsylvania. At all material times, Defendant K Dolan Conveyor Company, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Indiana County, Pennsylvania.

9. At all material times, Defendant K Dolan Conveyor Company, LLC does business as "K Dolan Conveyor Company."

10. At all relevant times, Defendant K Dolan Conveyor Company, LLC was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant K Dolan Conveyor Company, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest Defendants in relation to the company's employees, Defendant K Dolan Conveyor Company, LLC is subject to liability under the FLSA.

11. At all material times, Defendant K Dolan Corporation is a corporation licensed to transact business in the State of Pennsylvania. At all material times, Defendant K Dolan Corporation does business, has offices, and/or maintains agents for the transaction of its customary business in Indiana County, Pennsylvania.

12. At all material times, Defendant K Dolan Corporation does business as "K Dolan Conveyor Company."

13. At all relevant times, Defendant K Dolan Corporation was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant K Dolan Corporation had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest Defendants in relation to the company's employees, Defendant K Dolan Corporation is subject to liability under the FLSA.

14. Defendant Keith Dolan owns and operates Defendants K Dolan Conveyor Company, LLC and K Dolan Corporation, and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

15. Under the FLSA, Defendant Keith Dolan is an employer.  The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Keith Dolan is the owner of Defendants K Dolan Conveyor Company, LLC and K Dolan Corporation. He had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the companys' employees, Keith Dolan is subject to individual liability under the FLSA.

16. At all material times, Defendants K Dolan Conveyor Company, LLC, K Dolan Corporation, and Keith Dolan are Plaintiff's "employer" as defined by 43 P.S. § 333.103.

17. At all material times, Defendants K Dolan Conveyor Company, LLC, K Dolan Corporation, and Keith Dolan are Plaintiff's "employer" as defined by 43 P.S. § 260.2a.

18. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

19. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

20. At all material times, Defendants have operated as a "single enterprise" within the meaning of Section 203(r) of the FLSA.  29 U.S.C. § 203(r)(1).  That is, Defendants perform related activities through unified operation and common control for a common business purpose;

namely, the operation of a waste management services company operating under the name "K Dolan Corporation"

21.  At all material times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control. In any event, at all relevant times, all Defendants were joint employers under the FLSA and Pennsylvania law.

22.  At all material times, Defendants were Plaintiff's "Joint Employer". Two or more distinct entities can exert significant control over the same employee such that they are "joint employers." *E.g. In re Enterprise Rent-A-Car*, 683 F.3d 462, 467 (3d Cir. 2012). Analyzing whether an entity is a "joint employer" for purposes of the FLSA requires looking to several, non-exclusive factors in relation to the alleged employer's: (1) authority to hire and fire the relevant employees; (2) authority to promulgate work rules and assignments and to set the employees' conditions of employment: compensation, benefits, and work schedules, including the rate and method of payment; (3) involvement in day-to-day employee supervision, including employee discipline; and (4) actual control of employee records, such as payroll, insurance, or taxes. The Court may also consider the totality of the circumstances, economic realities, and other information suggesting "significant control," which can be persuasive in conjunction with the enumerated elements of the test. Id. at 470.

23.  At all material times, Defendants had the authority to fire Plaintiff. Moreover, Plaintiff was required and expected to abide by the enterprise-wide rules and procedures established by Defendants. The decision not to pay Plaintiffs for his final two pay periods was made jointly by Defendants.

24. At all material times, Defendants were Plaintiff's "single employer." Single employer/enterprise theory examines whether "separate corporations are not what they appear to be, that in truth they are but divisions or departments of a single enterprise." *Davis v. Abington Mem'l Hosp.*, 817 F. Supp. 2d 556, 564 (E.D. Pa. 2011) (citing *NLRB v. Deena Artware, Inc.*, 361 U.S. 398, 401 (1960)). The analysis has four elements: (1) the interrelation of operations between the corporations; (2) whether the corporations share common management; (3) whether there was centralized control of labor relations; and (4) whether there existed common ownership or financial control. *Katz v. DNC Servs. Corp.*, No. CV 16-5800, 2018 WL 692164, at *3 (E.D. Pa. Sep. 27, 2019) (citing *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 84 (3d Cir. 2003)).

25. Defendants all share in any profit or loss resulting in the operation of their enterprise. Defendants routinely share management. The decision not to pay Plaintiff for his final two pay periods of work was made jointly by Defendants. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Class and Collective Members' work and wages at all relevant times.

26. Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of the aforementioned waste management service.

27. Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system, which is an economic unit directed to the accomplishment of a common business purpose.

28. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

29. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

30. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

31. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## NATURE OF THE CLAIM

32. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33. Defendants own and/or operate as K Dolan Conveyor Company, an enterprise located in Indiana County, Pennsylvania.

34. Plaintiff was hired by Defendants as a red hat belt technician and worked for Defendants until approximately November 2019.

35. Defendants, in their sole discretion, agreed to pay Plaintiff $14.00 per hour for all hours he worked.

36. Defendants failed to compensate Plaintiff any wages whatsoever for his final two pay periods of work for Defendants because Defendants withheld Plaintiff's two final paychecks to cover their costs associated with training Plaintiff.

37. Upon information and belief, Plaintiff believes that Defendants failed to compensate him for over 80 hours of work performed.

38. As a result of not having paid any wage whatsoever to Plaintiff for his final week of employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

39. As a result of not having paid any wage whatsoever to Plaintiff for his final week of employment with Defendants, Defendants failed to pay the Plaintiff all wages due and owing.

40. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

41. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 43 PS § 333.104.

42. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 43 PS § 260.3.

43. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

44. Defendants have and continue to violate 43 PS § 333.104 by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

45. Defendants have and continue to violate the 43 PS § 260.3 by not paying Plaintiff any wage whatsoever for all hours worked during his regular workweeks.

46. Plaintiff is a covered employee within the meaning of the FLSA.

47. Plaintiff is a covered employee within the meaning of 43 PS § 333.101, et seq.

48. Plaintiff is a covered employee within the meaning of 43 PS § 260.1, et seq.

49. Plaintiff was a non-exempt employee.

50. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

51. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff during the course of his employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment.  As such, Defendants' conduct constitutes a willful violation of the FLSA, 43 PS § 333.101, et seq., and 43 PS § 260.1, et seq.

52. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

53. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

54. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, interest, and reasonable attorney's fees and costs of this action under 43 PS § 333.113.

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an amount equal to 25% of his unpaid wages or $500, whichever is greater, as liquidated damages, interest, and attorneys' fees under 43 PS § 260.9a and 43 PS § 260.10.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

57. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two pay periods of his employment.

58. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

59. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Joshua Barker, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: PENNSYLVANIA MINIMUM WAGE ACT
### FAILURE TO PAY MINIMUM WAGE

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two pay periods of his employment.

62. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates 43 PS § 333.104.

63. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Joshua Barker, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

## COUNT THREE: PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW FAILURE TO PAY WAGES OWED

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendant willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two pay periods of employment.

66. Defendant's practice of willfully failing to pay Plaintiff wages for labor performed violates 43 PS § 260.3.

67. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional 25% of his unpaid wages or $500, whichever is greater, as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Joshua Barker, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 2nd day of August, 2021.

THE LAW OFFICES OF SIMON & SIMON

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
5000 Rockside Road
Liberty Plaza Building – Suite 520
Independence, OH 44131
Telephone: (216) 525-8890
Email: james@bswages.com